UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC dba HEALTH INSURANCE INNOVATIONS; and DOES 1-100;<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b)<br><br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b)<br><br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c)<br><br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

-1-

Plaintiff CRAIG CUNNINGHAM ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of: HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC dba HEALTH INSURANCE INNOVATIONS ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff alleges violations of federal law, in particular the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq*.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to *18 U.S.C. 1391(b)* because all Defendant is headquartered with its principal place of business in Tampa, Florida.

## PARTIES

4. Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), is a natural person residing in Nashville, Tennessee and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC, dba HEALTH INSURANCE INNOVATIONS ("HPIH") is a Florida corporation incorporated in Delaware, and is a "person" as defined by *47 U.S.C. §*

*153 (39).*

6.  The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.  Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.  Beginning in or around October, 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -1977, in an attempt to solicit Plaintiff to purchase Defendants' insurance services.

9.  Defendants continued to numerously call Plaintiff's cellular telephone in excess of one hundred (100) times, continuing through February, 2017.

10. Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place their calls to Plaintiff seeking to solicit their

services.

11. When Plaintiff would answer these calls, there would be a long pause before a prerecorded message began to play, attempting to solicit Defendants' insurance services. This system involved a call center agent clicking on prerecorded messages to give the opening message and reply to Plaintiff's responses. This is known in industry jargon as an "Avatar" type system.

12. The prerecorded message played when Plaintiff answered the phone was: "Hi, my name is Michael and I'm calling from the National Health Insurance Enrollment Center. The reason for me call is regarding your previous interest in insurance. We can help you find some affordable health care with benefits that include doctors, hospitals, even emergency room visits. Do you have a few minutes to see what plans are available to you?"

13. Plaintiff had never expressed any interest in health insurance, as he already receives health insurance for life through the VA at no cost to himself.

14. The numerosity and pattern of calls received by Plaintiff was is also indicative of an automatic telephone dialing system. Plaintiff received a high volume of incoming calls from Defendants, sometimes even receiving multiple calls within a single minute.

15. Defendants contacted or attempted to contact Plaintiff from multiple different telephone numbers.

16. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls

pursuant to *47 U.S.C. § 227(b)(1)*.

18. During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

19. Additionally, based off the pattern and content of the calls, Plaintiff alleges that Defendants violated the terms of an internal do-not-call list for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

20. Plaintiff mailed a letter to Defendant expressing that Defendants did not have Plaintiff's consent to contact him. Despite this, Defendants continued to call Plaintiff's cellular phone to solicit services. Some of these calls were also for the purpose of asking Plaintiff why they were told not to call Plaintiff's number, a clear attempt to get their foot in the door to continue soliciting products to Plaintiff, or at the very least, dual purpose calls that carried a solicitation purpose.

21. Plaintiff received a call from Defendants just two days after being told not to call Plaintiff, and attempted to solicit insurance.

22. Even after filing a lawsuit against Defendants in a different jurisdiction and serving Defendants with notice, Plaintiff continued to receive multiple calls from Defendants.

23. As Defendants stand to profit and benefit from Plaintiff's enrollment in their services, and simply from placing the calls themselves, each and every Defendant is liable for these calls as a "Seller" as defined by the TCPA and FCC, even if they did not directly place the calls to Plaintiff.

24. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf of or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal calls to be placed, as well as directly authorizing the illegal calls.

25. The individual corporate officers also failed to implement appropriate policies or procedures designed to comply with the TCPA, which makes them personally liable for the illegal calls made on their behalf or for their benefit.

26. These phone calls violated the TCPA in two ways: (1) by placing multiple automated telephone calls to Plaintiff's cell phone in violation of *47 U.S.C. 227(b)*, and (2) by not conforming to the requirements of *47 U.S.C. 227(c)(5)* and the FCC's rulemaking authority under *47 C.F.R. 64. 1200(d)*, which requires Defendants to have a written policy for maintaining a Do Not Call list, a failure to train agents and personnel engaged in telemarketing to consumers on the Do Not Call list, and the failure to identify the party making the call or the entity for which the call is being placed.

27. Each and every defendant is jointly liable to Plaintiff for damages, and each product offered to Plaintiff constitutes a separate cause of action for which Defendants are liable.

28. Plaintiff alleges direct, vicarious, joint and several liability for each and every defendant and the officers of each Defendant.

29. Plaintiff has suffered actual damages in the form of enrollment fees charged by Defendants.

30. Through these actions, Plaintiff suffered an invasion of a legally

protected interest in privacy, which is specifically addressed and protected by the TCPA.

33. Defendants' calls forced Plaintiff to live without the utility of their cellular phones by forcing Plaintiff to silence his cellular phone and/or block incoming numbers. Additionally, Defendants' actions has caused Plaintiff to suffer significant mental and emotional harm, including but not limited to annoyance, frustration, and anger, loss of cell phone and reduction of battery life on his phone due to the calls.

# FIRST CAUSE OF ACTION
## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227(b)

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

34. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff is are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

35. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

37. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

38. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

39. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

42. As a result of Defendants' negligent violations of *47 U.S.C. §*

*227(c)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

43. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

46. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

47. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C.*

- *§227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*

- Any and all other relief that the Court deems just and proper.

///

///

# FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

89. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

RESPECTFULLY SUBMITTED April 11, 2018,

/s/ Raymond R. Dieppa

Attorney for Plaintiff

Raymond R. Dieppa

Florida Legal, LLC

14 Northeast First Ave., Suite 1001

Miami, FL 33132

(t)(305) 901-2209

(f)(786) 870-4030

Ray.dieppa@floridalegal.law