UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>                    Plaintiff,<br><br>vs.<br><br>HEALTH PLAN INTERMEDIARIES<br>HOLDINGS, LLC d/b/a HEALTH<br>INSURANCE INNOVATIONS; and<br>DOES 1-100,<br><br>                    Defendants. | Civil Action No. 8:18-cv-00919-SCB-TGW |

## DEFENDANT HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC'S
## MOTION TO TRANSFER PURSUANT TO LOCAL RULE 1.04(b)

Defendant, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations ("HII"), pursuant to Fed. R. Civ. P. 7(b) and Local Rule 1.04(b), hereby respectfully moves for the entry of an order transferring this action to a previously-filed related case pending in this District. The grounds in support of this Motion and the reasons why this action should be transferred to the first-filed related case are set forth in the following Memorandum.

## SUPPORTING MEMORANDUM

Local Rule 1.04(b) provides as follows:

(b) **TRANSFER OF RELATED CASES BEFORE TWO OR MORE JUDGES:** If cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases. The moving party shall file a notice of filing the motion to transfer, including a copy of the motion to transfer, in each related case. The proposed transferor judge shall dispose of the motion to transfer but shall grant the motion only with the consent of the transferee judge. If the transferee judge determines that the same magistrate judge should preside in some or all respects in some or all of the related cases, the Clerk shall assign the magistrate

judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

This action was filed on April 16, 2018. In the Complaint (Doc #1), Plaintiff asserts four causes of action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). The first and second causes of action are a claim under section 227(b) of the TCPA for calls allegedly placed to Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") in a pre-recorded voice. The third and fourth causes of action are a claim under section 227(c) of the TCPA for calls allegedly placed to Plaintiff's cellular telephone numbers registered with the National Do Not Call Registry ("DNC").

This is Plaintiff's third attempt to commence a federal civil action against HII. On January 20, 2017, Plaintiff filed a complaint against HII and others in an action captioned *Cunningham v. Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, et al.*, Civil Action No. 3:17-cv-00151, in the United States District Court for the Middle District of Tennessee (the "Tennessee Action"). In that complaint (Tennessee Action Doc #1), Plaintiff asserted claims against HII for violations of sections 227(b) and 227(c) of the TCPA. On February 3, 2017, Plaintiff filed a notice of voluntary dismissal. (Tennessee Action Doc #14).

On February 15, 2017, in an action captioned *Cunningham v. Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, et al.*, Civil Action No. 1:17-cv-01216, in the United States District Court for the Northern District of Illinois (the "Illinois Action"), Plaintiff filed the same complaint against HII and others (Illinois Action Doc #1). In a memorandum opinion and order entered in the Illinois Action on

February 13, 2018 (Illinois Action Doc #148), the court granted HII's motion to dismiss, allowed Plaintiff to replead any dismissed claims, and cautioned:

> In repleading claims or responding to future motions, Plaintiff should be mindful both of this Court's opinion and his obligations under Federal Rule of Civil Procedure 11.

Instead of attempting to replead any claims in the Illinois Action, Plaintiff seeks to avoid any further scrutiny by that court and commenced a third TCPA federal action against HII in this District.

Also pending in this District is a putative TCPA class action filed on January 25, 2018 and captioned *Hicks v. Health Insurance Innovations, Inc.*, Civil Action No. 8:18-cv-00216-VMC-AEP (the "Hicks Case"). The two-count complaint (Hicks Case Doc #1) is a claim under section 227(b) of the TCPA for calls allegedly placed to that plaintiff's cellular telephone using an ATDS and an artificial or pre-recorded voice.

The Hicks Case is brought individually and on behalf of two putative classes defined in paragraph 36 of the complaint as follows:

### Class A

All persons within the United States to whom Health Innovations or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

### Class B

All persons within the United States to whom Health Innovations or its agent/s and/or employee/s called said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

In the Hicks Case, HII filed an answer and affirmative defenses on March 16, 2018 (Hicks Case Doc #13), and a Fast-Track Scheduling Order was entered on March 6, 2018 (Hicks

Case Doc #9). Consistent with this Order, the parties are exchanging information in anticipation of an early mediation presently set for June 15, 2018.

The Hicks Case is the "first-filed" between these two related cases. In order to avoid duplication of effort in the administration and resolution of these cases, this Court should transfer this case with the consent of the transferee judge, The Honorable Virginia Covington, pursuant to Local Rule 1.04(b). *See Charter Oak Fire Ins. Co. v. 21st Century Oncology Servs., LLC*, 2017 WL 3701073, at *2 (M.D. Fla. Mar. 8, 2017).

Another related TCPA case against HII, captioned *Foote v. Health Insurance Innovations, Inc., et al.*, Civil Action No. 8:18-cv-00690-EAK-TGW (the "Foote Case"), was filed on March 22, 2018, and Plaintiffs filed their First Amended Complaint on May 9, 2018. A similar motion to transfer the Foote Case as an action related to the Hicks Case is being filed by HII. The same attorneys represent the plaintiffs in both this action and the Foote Case.

For all of these reasons, Defendant, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, respectfully requests this Court grant this Motion and transfer this case with the consent of the transferee judge.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify as counsel for the moving party, Defendant, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, that we have conferred with counsel for Plaintiffs in all three cases in a good faith effort to resolve the issues raised in the Motion, and that we are authorized to state that counsel for Plaintiffs in the Foote Case and the Cunningham Case consent to the relief sought in this Motion and agree to the

requested transfer, and that counsel for Plaintiff in the Hicks Case does not yet have a position.

Dated: May 17, 2018

By: *s/ Garry W. O'Donnell*
    Garry W. O'Donnell, Esq.
    Florida Bar No. 0478148
    GREENSPOON MARDER LLP
    One Boca Place
    2255 Glades Road, Suite 400-E
    Boca Raton, Florida 33431
    Telephone: (561) 994-2212 x1567
    Facsimile:  (561) 807-7527
    Email: garry.odonnell@gmlaw.com
    *Trial Attorney for Defendant, Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 17th day of May, 2018, which will generate notification to all counsel of record or pro se parties identified below, thereby notifying the following parties of record below:

**Raymond R. Dieppa, Esq.**
Email: ray.dieppa@floridalegal.law
FLORIDA LEGAL, LLC
14 NE First Avenue, Suite 1001
Miami, Florida 33132
Telephone: (305) 901-2209
Facsimile:  (786) 870-4030
*Attorneys for Plaintiff, Craig Cunningham*

By: *s/ Garry W. O'Donnell*
    Garry W. O'Donnell, Esq.