UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG CUNNINGHAM,

    Plaintiff,

v.                                                                                                         Case No. 8:18-cv-919-T-24TGW

HEALTH PLAN INTERMEDIARIES
HOLDINGS, LLC d/b/a HEALTH
INSURANCE INNOVATIONS, and
DOES 1-100,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Defendant Health Plan Intermediaries Holdings, LLC's Motion to Dismiss Amended Complaint and supporting memorandum of law (Doc. 15) . Plaintiff opposes the Motion. (Doc. 19). As explained below, the Motion to Dismiss is due to be denied.

**I. Introduction**

Plaintiff brings this lawsuit against Defendant Health Plan Intermediaries Holdings, LLC ("HPIH") for allegedly cold calling him more than 100 times without his consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). (Doc. 12, ¶¶ 1–34). The first and second counts of the Amended Complaint raise a claim under section 227(b) of the TCPA for calls allegedly placed to Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") and a pre-recorded voice. (*Id.* at 35–42). The third and fourth causes of action bring a claim under section 227(c) of the TCPA for calls allegedly placed to Plaintiff's

cellular telephone after he purportedly sent a letter regarding an internal do-not-call list. (*Id.* at ¶¶ 43–50). HPIH seeks dismissal of the Amended Complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on grounds that Plaintiff's latest pleading fails to cure the deficiencies of his prior pleading attempt and, thus, fails to state a claim on which relief can be granted.

## II.  Legal Standard

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." While the Court must assume that all of the allegations in the complaint are true, unless the pleader has "nudged" the claims "across the line from conceivable to plausible," the complaint must be dismissed" *Id.* at 570. The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). HPIH seeks to hold Plaintiff to a higher pleading standard than is required at this pre-discovery stage of the proceedings.

### III. Analysis

To demonstrate a TCPA violation, Plaintiff need only show that HPIH: (1) placed a call using an automatic telephone dialing system ("ATDS") or prerecorded or an artificial or prerecorded voice ("APV"); (2) to any telephone number assigned to a cellular telephone service. Section 227(b)(1) of the TCPA expressly applies to "any call" made using an ATDS. 47 U.S.C. § 227(b)(1). HPIH does not challenge Plaintiff's showing of the elements of a TCPA claim, but rather, HPIH argues that it has not been sufficiently placed on notice of Plaintiff's claims and cannot therefore be held liable. The Amended Complaint alleges that HPIH made over 100 calls to his cellular telephone and that these called included the following prerecorded messages: "Hi, my name is Michael and I'm calling from the National Health Insurance Enrollment Center. The reason for [sic] my call is regarding your previous interest in insurance. (Doc. 10, ¶ 13). HPIH argues that because the caller identified himself as calling from the "National Health Insurance Enrollment Center," Defendant HPIH could not plausibly be the entity responsible for the more than 100 calls to Plaintiff. However, Plaintiff alleges that this recording took place merely to demonstrate the likelihood that HPIH is using an ATDS, not to identify the particular malicious actor. Plaintiff argues that the National Health Insurance Enrollment Center referenced in the recording does not even exist and, thus, using the name of a non-existent entity infers not that some other entity is responsible, but rather, that an entity wishes not to identify itself because its actions knowingly incur liability.

A significant number of cases have held that the mere impersonal use of an automatic pre-recorded voice message is evidence of a generic message being sent on a mass-wide basis and is sufficient to show the use of an ATDS. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-CV-


2791-WSD, 2016 WL 1029524, at *4 (N.D. Ga., Mar. 9, 2016) (citing *Legg v. Voice Media Grp., Inc.* (S.D. Fla. 2014) 990 F. Supp. 2d 1351, 1354; *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012); *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013)). Plaintiff asserts that his allegations that Defendant used an ATDS and a prerecorded voice are currently supported with *all known specific facts* regarding the message and equipment used to transmit it including the content of the message. Plaintiff will not be expected to plead more than this at this stage of the litigation. "[I]t is unreasonable to require a plaintiff in a TCPA complaint, without the benefit of discovery, to elaborate on the specific technical details of a defendant's alleged ATDS, such as what type of machines were used to make a call or how those machines functioned." *Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012). As one court explained, whether an ATDS was used "should be addressed largely through merits-based discovery into defendants' records." *Lee v. Stonebridge Life Ins. Co.*, 2013 U.S. Dist. LEXIS 19774, at *10 (N.D. Cal. 2013); *See also Wolhuter v. Carrington Mortg. Servs., LLC*, No. 8:15-CV-552-MSS-TBM, 2015 WL 12819153, at *6 (M.D. Fla., Oct. 28, 2015) ("The Court finds that any factual questions about whether the calls were made using an ATDS or APV are more appropriately considered at the summary judgment stage.")

     HPIH next argues that because Plaintiff fails to allege any details regarding the origin of the phone numbers used to call him, he consequently fails to sufficiently demonstrate that HPIH is the entity responsible for the TCPA violations. However, as Plaintiff asserts, the identity of phone numbers actually used by HPIH, as well as the identity of employees hired by HPIH to

place calls using these numbers for HPIH, is exclusively within the possession and control of HPIH. The *Twombly* plausibility standard does not increase the pleading requirement imposed on Plaintiff to the level of proof that Defendant seeks. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible"). Plaintiff does not have the burden to prove at this early stage of these proceedings that HPIH employs specific individuals and owns or operates each specific number allegedly used to place the more than 100 calls to him .

HPIH also argues that the Amended Complaint lumps "multiple and unidentified defendants" together by alleging Doe Defendants. However, the existence of Doe defendants on its own is insufficient to dismiss a complaint. When a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir.2001))*; Pro Image Installers, Inc. v. Dillon*, 2009 WL 112953, at *1 (N.D. Fla. Jan.15, 2009); *Bentley v. Bank of America.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011)). HPIH is the only Defendant specifically identified in the Amended Complaint. The unnamed Defendants would be the actual HPIH employees who allegedly placed the calls to Plaintiff. Therefore, Plaintiff has not crafted a pleading with multiple Defendants each charged with various violations such that HPIH cannot identify which claims are actually brought against it.

The clear allegations of the Amended Complaint are that HPIH employs individuals to

make calls on its behalf and that more than 100 of those calls were placed to Plaintiff's phone using ATDS, in violation of the TCPA. Plaintiff cannot yet be expected to plead the exact identity of each caller (aside from the phone number from which HPIH's agents called), the exact agency relationship of such agents, or the origin of each telephone number that HPIH"s agents used. All of that information is exclusively within the possession and control of HPIH. Plaintiff pleads his Amended Complaint based on information and belief and uses all facts known to him. The Court is able to reasonably infer that the allegations are plausible. HPIH is also put on notice of the claims alleged against it. Therefore, Plaintiff sufficiently states a claim for the TCPA violations.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion to Dismiss Amended Complaint Doc. No. 15) is **DENIED**. Defendant is directed to file an answer to the Amended Complaint on or before November 30, 2018.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of November, 2018.

SUSAN C. BUCKLEW
United States District Judge

*Copies to:*
Counsel of Record