UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CRAIG CUNNINGHAM, | Case No. 8:18-cv-00919-SCB-TGW |
| Plaintiff, | |
| | **SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| vs. | |
| | 1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b) |
| HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC dba HEALTH INSURANCE INNOVATIONS; and DOES 1-100; | |
| Defendant. | 2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b) |
| | 3.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) |
| | 4.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff CRAIG CUNNINGHAM ("Plaintiff") alleges the following upon information and belief based upon personal knowledge:



## NATURE OF THE CASE

1.     Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of: HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC dba HEALTH INSURANCE INNOVATIONS ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff alleges violations of federal law, in particular the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq*.

3.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to *18 U.S.C.  1391(b)* because all Defendant is headquartered with its principal place of business in Tampa, Florida.

## PARTIES

4.     Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), is a natural person residing in Nashville, Tennessee and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC, dba HEALTH INSURANCE INNOVATIONS ("HPIH") is a Florida corporation incorporated in Delaware, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

///

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.     Beginning in or around August, 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -1977, in an attempt to solicit Plaintiff to purchase Defendants' insurance services.

9.     Plaintiff is informed and believes, and based thereon alleges that Defendants employ sales agents to make solicitation calls. Plaintiff further alleges these employees were instructed to call Plaintiff's cellular telephone number ending in -1977, and these employees were instructed to use an automated and/or prerecorded message during the solicitation calls made to Plaintiff's cellular number ending in -1977.

10.    Since August, Defendants, through its agents and employees, have continued to repeatedly call Plaintiff's cellular telephone in excess of one hundred sixteen (116) times, continuing through filing of this complaint. A list of Defendants' calls, including dates, times, and number from which Defendants and/or Defendants' agents called Plaintiff's cellular number ending in -1977 is attached as Exhibit A.

11.    Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place their calls to Plaintiff seeking to solicit their services.

12.    When Plaintiff would answer these calls, there would be a long pause before a prerecorded message began to play, attempting to solicit Defendants' insurance services. This system involved a call center agent clicking on prerecorded messages to give the opening message and reply to Plaintiff's responses. This is known in industry jargon as an "Avatar" type system.

13.    The prerecorded message played when Plaintiff answered the phone was: "Hi, my name is Michael and I'm calling from the National Health Insurance Enrollment Center. The reason for me call is regarding your previous interest in insurance. We can help you find some affordable health care with benefits that include doctors, hospitals, even emergency room visits. Do you have a few minutes to see what plans are available to you?"

14.    Thus, Defendants made calls using an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227 (b)(1)(A) & (B).

15.    Plaintiff had never expressed any interest in health insurance, as he already receives health insurance for life through the VA at no cost to himself.

16.    The numerosity and pattern of calls received by Plaintiff is also

indicative of an automatic telephone dialing system.  Plaintiff received a high volume of incoming calls from Defendants, sometimes even receiving multiple calls within a single minute.

17.    Defendants contacted or attempted to contact Plaintiff from multiple different telephone numbers, including, but not limited to numbers ending in -3075, -3405, -3927, and -5831.

18.    Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

19.    Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

20.    During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

21.    Additionally, based off the pattern and content of the calls, Plaintiff alleges that Defendants violated the terms of an internal do-not-call list for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

22.    On November 2, 2016, after repeated calls from Defendants and/or Defendants' agents, Plaintiff called Defendants to request Plaintiff's cellular number ending in -1977 be placed on Defendants' internal Do-Not-Call List. Defendants sent an internal email placing Plaintiff's cellular number ending in -1977 on Defendants' interna; Don-Not-Call List, to no avail. [Exhibit B.] Despite this internal email, Plaintiff continued to receive repeated solicitation calls from

Defendants and/or Defendants' agents. [Exhibit A.]

23.     Plaintiff mailed a letter to Defendant expressing that Defendants did not have Plaintiff's consent to contact him. Despite this, Defendants continued to call Plaintiff's cellular phone to solicit services. Some of these calls were also for the purpose of asking Plaintiff why they were told not to call Plaintiff's number, a clear attempt to get their foot in the door to continue soliciting products to Plaintiff, or at the very least, dual purpose calls that carried a solicitation purpose.

24.     Plaintiff received a call from Defendants just two days after being told not to call Plaintiff, and attempted to solicit insurance.

25.     Even after filing a lawsuit against Defendants in a different jurisdiction and serving Defendants with notice, Plaintiff continued to receive multiple calls from Defendants.

26.     As Defendants stand to profit and benefit from Plaintiff's enrollment in their services, and simply from placing the calls themselves, each and every Defendant is liable for these calls as a "Seller" as defined by the TCPA and FCC, even if they did not directly place the calls to Plaintiff.

27.     The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf of or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal calls to be placed, as well as directly authorizing the illegal calls.

28.     The individual corporate officers also failed to implement appropriate policies or procedures designed to comply with the TCPA, which makes them personally liable for the illegal calls made on their behalf or for their benefit.

29.     These phone calls violated the TCPA in two ways: (1) by placing multiple automated telephone calls to Plaintiff's cell phone in violation of *47 U.S.C. 227(b)*, and (2) by not conforming to the requirements of *47 U.S.C. 227(c)(5)* and the FCC's rulemaking authority under *47 C.F.R. 64. 1200(d)*, which requires Defendants to have a written policy for maintaining a Do Not Call list, a failure to train agents and personnel engaged in telemarketing to consumers on the Do Not Call list, and the failure to identify the party making the call or the entity for which the call is being placed.

30.     Each and every defendant is jointly liable to Plaintiff for damages, and each product offered to Plaintiff constitutes a separate cause of action for which Defendants are liable.

31.     Plaintiff alleges direct, vicarious, joint and several liability for each and every defendant and the officers of each Defendant.

32.     Plaintiff has suffered actual damages in the form of enrollment fees charged by Defendants.

33.     Through these actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34.     Defendants' calls forced Plaintiff to live without the utility of his cellular phone by forcing Plaintiff to silence his cellular phone and/or block incoming numbers.   Additionally, Defendants' actions has caused Plaintiff to suffer significant mental and emotional harm, including but not limited to annoyance, frustration, and anger, loss of cell phone and reduction of battery life on his phone due to the calls.

///

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

35.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

36.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

37.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff is are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

38.    Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

39.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

40.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

41.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

42.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

43.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

44.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

45.     As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

46.     Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

47.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

48.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including

but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*.

49.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

50.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C.*

*§227(b)(3)(C).*

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiff is entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5).*

- Any and all other relief that the Court deems just and proper.

89.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///

///

///

RESPECTFULLY SUBMITTED September 20, 2018,

_____
/s/ Raymond R. Dieppa

Attorney for Plaintiff

Raymond R. Dieppa

Florida Legal, LLC

14 Northeast First Ave., Suite 1001

Miami, FL 33132

(t)(305) 901-2209

(f)(786) 870-4030

Ray.dieppa@floridalegal.law

|    | Date | Time | Called From |
|----|------|------|-------------|
| 1 | 8/23/16 | 1:53 PM | (731) 501-1075 |
| 2 | 8/23/16 | 5:21 PM | (954) 800-4962 |
| 3 | 8/23/16 | 5:38 PM | (954) 800-4962 |
| 4 | 8/29/16 | 1:41 PM | (815) 975-3590 |
| 5 | 8/29/16 | 2:20 PM | (815) 975-3590 |
| 6 | 8/29/16 | 2:20 PM | (815) 975-3590 |
| 7 | 8/29/16 | 2:21 PM | (815) 975-3590 |
| 8 | 8/29/16 | 2:21 PM | (815) 975-3590 |
| 9 | 8/29/16 | 8:01 PM | (786) 378-1450 |
| 10 | 9/12/16 | 11:05 PM | (914) 358-5345 |
| 11 | 9/15/16 | 6:20 PM | (914) 358-5345 |
| 12 | 10/4/16 | 2:35 PM | (347) 227-3075 |
| 13 | 10/4/16 | 4:58 PM | (347) 227-3075 |
| 14 | 10/4/16 | 5:49 PM | (347) 227-3075 |
| 15 | 10/4/16 | 6:29 PM | (347) 227-3075 |
| 16 | 10/4/16 | 7:37 PM | (347) 227-3075 |
| 17 | 10/5/16 | 12:20 PM | (347) 227-3075 |
| 18 | 10/5/16 | 1:23 PM | (347) 227-3075 |
| 19 | 10/5/16 | 1:46 PM | (914) 246-3405 |
| 20 | 10/5/16 | 2:16 PM | (914) 246-3405 |
| 21 | 10/5/16 | 2:20 PM | (914) 246-3405 |
| 22 | 10/5/16 | 2:20 PM | (914) 246-3405 |
| 23 | 10/5/16 | 2:20 PM | (914) 246-3405 |
| 24 | 10/5/16 | 2:25 PM | (347) 227-3075 |
| 25 | 10/5/16 | 2:32 PM | (914) 246-3405 |
| 26 | 10/5/16 | 2:36 PM | (914) 246-3405 |
| 27 | 10/5/16 | 2:45 PM | (914) 246-3405 |
| 28 | 10/5/16 | 2:03 PM | (914) 246-3405 |
| 29 | 10/5/16 | 2:55 PM | (914) 246-3405 |
| 30 | 10/5/16 | 3:58 PM | (914) 246-3405 |
| 31 | 10/5/16 | 3:58 PM | (914) 246-3405 |

1
EXHIBIT A

|    | Date      | Time     | Called From      |
|----|-----------|----------|------------------|
| 32 | 10/5/16   | 4:31 PM  | (914) 246-3405   |
| 33 | 10/5/16   | 4:36 PM  | (914) 246-3405   |
| 34 | 10/5/16   | 4:40 PM  | (914) 246-3405   |
| 35 | 10/5/16   | 6:05 PM  | (914) 246-3405   |
| 36 | 10/5/16   | 6:35 PM  | (914) 246-3405   |
| 37 | 10/5/16   | 6:35 PM  | (914) 246-3405   |
| 38 | 10/5/16   | 6:42 PM  | (914) 246-3405   |
| 39 | 10/5/16   | 7:12 PM  | (914) 246-3405   |
| 40 | 10/5/16   | 7:17 PM  | (914) 246-3405   |
| 41 | 10/5/16   | 7:20 PM  | (914) 246-3405   |
| 42 | 10/5/16   | 7:28 PM  | (914) 246-3405   |
| 43 | 10/5/16   | 7:28 PM  | (914) 246-3405   |
| 44 | 10/5/16   | 8:13 PM  | (914) 246-3405   |
| 45 | 10/5/16   | 8:42 PM  | (914) 246-3405   |
| 46 | 10/5/16   | 8:43 PM  | (914) 246-3405   |
| 47 | 10/5/16   | 8:44 PM  | (914) 246-3405   |
| 48 | 10/6/16   | 1:24 PM  | (347) 227-3075   |
| 49 | 10/6/16   | 1:25PM   | (347) 227-3075   |
| 50 | 10/7/16   | 12:21 PM | (347) 227-3075   |
| 51 | 10/10/16  | 12:21 PM | (347) 227-3075   |
| 52 | 10/10/16  | 2:23 PM  | (914) 246-3405   |
| 53 | 10/10/16  | 2:23 PM  | (914) 246-3405   |
| 54 | 10/10/16  | 2:57 PM  | (914) 246-3405   |
| 55 | 10/10/16  | 3:54 PM  | (914) 246-3405   |
| 56 | 10/10/16  | 4:09 PM  | (914) 246-3405   |
| 57 | 10/10/16  | 6:03 PM  | (914) 246-3405   |
| 58 | 10/10/16  | 8:13 PM  | (914) 246-3405   |
| 59 | 10/10/16  | 8:13 PM  | (914) 246-3405   |
| 60 | 10/10/16  | 9:06 PM  | (914) 246-3405   |
| 61 | 10/10/16  | 9:06 PM  | (914) 246-3405   |
| 62 | 10/10/16  | 9:12 PM  | (914) 246-3405   |

|    | Date     | Time    | Called From      |
|----|----------|---------|------------------|
| 63 | 10/11/16 | 1:17 PM | (914) 246-3405   |
| 64 | 10/11/16 | 1:45 PM | (914) 246-3405   |
| 65 | 10/11/16 | 2:15 PM | (914) 246-3405   |
| 66 | 10/11/16 | 2:28 PM | (914) 246-3405   |
| 67 | 10/11/16 | 3:20 PM | (914) 246-3405   |
| 68 | 10/11/16 | 4:19 PM | (914) 246-3405   |
| 69 | 10/11/16 | 4:19 PM | (914) 246-3405   |
| 70 | 10/11/16 | 4:20 PM | (914) 246-3405   |
| 71 | 10/11/16 | 6:11 PM | (914) 246-3405   |
| 72 | 10/11/16 | 7:03 PM | (914) 246-3405   |
| 73 | 10/11/16 | 7:03 PM | (914) 246-3405   |
| 74 | 10/11/16 | 9:07 PM | (914) 246-3405   |
| 75 | 10/12/16 | 1:13 PM | (914) 246-3405   |
| 76 | 10/12/16 | 1:13 PM | (914) 246-3405   |
| 77 | 10/12/16 | 1:27 PM | (914) 246-3405   |
| 78 | 10/12/16 | 2:11 PM | (914) 246-3405   |
| 79 | 10/12/16 | 2:41 PM | (914) 246-3405   |
| 80 | 10/12/16 | 2:41 PM | (914) 246-3405   |
| 81 | 10/12/16 | 3:34 PM | (914) 246-3405   |
| 82 | 10/12/16 | 4:51 PM | (914) 246-3405   |
| 83 | 10/12/16 | 4:51 PM | (914) 246-3405   |
| 84 | 10/12/16 | 6:47 PM | (914) 246-3405   |
| 85 | 10/12/16 | 7:11 PM | (914) 246-3405   |
| 86 | 10/12/16 | 7:32 PM | (914) 246-3405   |
| 87 | 10/12/16 | 7:33 PM | (914) 246-3405   |
| 88 | 10/12/16 | 9:44 PM | (914) 246-3405   |
| 89 | 10/13/16 | 1:50 PM | (914) 246-3405   |
| 90 | 10/13/16 | 4:03 PM | (914) 246-3405   |
| 91 | 10/13/16 | 4:03 PM | (914) 246-3405   |
| 92 | 10/13/16 | 4:03 PM | (914) 246-3405   |
| 93 | 10/13/16 | 4:03 PM | (914) 246-3405   |

|     | Date     | Time     | Called From       |
| --- | -------- | -------- | ----------------- |
| 94  | 10/13/16 | 6:01 PM  | (914) 246-3405    |
| 95  | 10/13/16 | 6:12 PM  | (914) 246-3405    |
| 96  | 10/13/16 | 6:25 PM  | (914) 246-3405    |
| 97  | 10/13/16 | 7:23 PM  | (914) 246-3405    |
| 98  | 10/13/16 | 7:23 PM  | (914) 246-3405    |
| 99  | 10/13/16 | 8:05 PM  | (914) 246-3405    |
| 100 | 10/17/16 | 7:09 PM  | (914) 246-3405    |
| 101 | 10/25/16 | 6:30 PM  | (877) 376-5831    |
| 102 | 10/13/16 | 6:51 PM  | (877) 376-5831    |
| 103 | 10/18/16 | 6:40 PM  | (877) 376-5831    |
| 104 | 10/18/16 | 6:40 PM  | (877) 376-5831    |
| 105 | 11/2/16  | 6:33 PM  | (877) 376-5831    |
| 106 | 11/4/16  | 12:38 PM | (248) 676-8985    |
| 107 | 11/10/16 | 3:30 PM  | (914) 858-5445    |
| 108 | 11/15/16 | 2:37 PM  | (914) 858-5445    |
| 109 | 11/15/16 | 3:28 PM  | (914) 858-5445    |
| 110 | 11/15/16 | 7:17 PM  | (914) 358-5346    |
| 111 | 11/17/16 | 2:28 PM  | (914) 858-5445    |
| 112 | 11/17/16 | 4:29 PM  | (914) 858-5445    |
| 113 | 11/17/16 | 5:17 PM  | (914) 358-5346    |
| 114 | 11/22/16 | 9:29 PM  | (914) 246-3405    |
| 115 | 11/25/16 | 2:10 PM  | (914) 858-5445    |
| 116 | 12/7/16  | 9:46 PM  | (914) 246-3405    |

----- Forwarded Message -----
**From:** HII <compliance@hiiquote.com>
**To:** montanamark13@yahoo.com
**Sent:** Wednesday, November 2, 2016 5:18 PM
**Subject:** Urgent: Do Not Call



## PLEASE ADD TO DNC

Dear Mark J,

Please add the following telephone number to your internal DNC lists, and please do not market or sell (even if inbound call) to anyone using this number:

# 615-348-1977

Thank You,

HII Compliance Department

Update Information

HEALTH INSURANCE INNOVATIONS 15438 North Florida Avenue, Ste. 201 Tampa, Florida 33613 United States (877) 376-5831

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **CRAIG CUNNINGHAM,** | ) Case No.: 17-cv-61411-KAM |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S RESPONSES TO** |
| | ) **DEFENDANT'S FIRST SET OF** |
| vs. | ) **REQUESTS TO PRODUCTION** |
| | ) |
| **HEALTH PLAN INTERMEDIARIES** | ) |
| **HOLDINGS, LLC d/b/a HEALTH** | ) |
| **INSURANCE INNOVATIONS, DOES 1** | ) |
| **through 100,** | ) |
| | ) |
| Defendant. | ) |

PROPOUNDING PARTY:   Defendant, HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC

RESPONDING PARTY:   Plaintiff, CRAIG CUNNINGHAM

SET NUMBER:   ONE

TO DEFENDANT HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC AND ITS

ATTORNEYS OF RECORD:

Plaintiff, CRAIG CUNNINGHAM ("Plaintiff") by and through his attorneys, The Law

Offices of Todd M. Friedman, P.C., hereby responds as follows, pursuant to *Fed. R. Civ. P.* 34,

to Defendant, HEALTH PLAN INTERMEDIARIES HOLDINGS, LLC's("Defendant")

Requests for Production of Documents without in any way waiving or intending to waive, but

on the contrary, intending to reserve and reserving:

> (a) All questions and objections as to competency, relevancy, materiality,
> privilege admissibility as evidence for any purpose in any subsequent proceeding
> in, or the hearing of this action, of any of these answers or the subject matter
> thereof;

EXHIBIT 2
Deponent: CUNNINGHAM
Depo Date: 4/11/9
Reporter: Niki Noojin
A Ambient Reporting, LLC

(b) The right to object to the use of any of said answers, or the subject matter thereof, in any subsequent proceeding, in or the hearing of this action, on any grounds;

(c) The right to object on any grounds or at any time to demand for further response to these or other discovery documents or other discovery procedures involved or related to the subject matter of the special interrogatories herein answered; and

(d) The right at any time, to revise, correct, add to or clarify any of said answers propounded herein.

### RESPONSE TO REQUESTS FOR PRODUCTION

REQUEST NO. 1:

All recordings, audiotapes, transcripts or other documents regarding the content of the phone calls which are the subject matter of your Complaint.

RESPONSE TO REQUEST. 1:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A."  Investigation continues.

REQUEST NO. 2:

Any statements provided, signed or acknowledged by any person who claims to have knowledge or information about the facts alleged in the pleadings in this action.

RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this request on the grounds that it: is not relevant or reasonably calculated to lead to the discovery of admissible evidence; is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties. Subject to and without waiving said objections, Plaintiff states: After a reasonable inquiry and diligent search, Plaintiff is unable to locate any such documents and does not believe that any such documents exist. Investigation continues.

REQUEST NO. 3:

Documents pertaining to any statements made or acknowledged by any person identified in response to Interrogatory No. 1.

RESPONSE TO REQUEST NO. 3:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states: See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," and plan Documents from Defendant produced via Dropbox as Exhibit "D." Investigation continues.

REQUEST NO. 4:

Documents, emails or other electronic correspondence in your possession, custody or control pertaining to any witness statements relating to the facts alleged in the pleadings in this action.

RESPONSE TO REQUEST NO. 4:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," and plan Documents from Defendant produced via Dropbox as Exhibit "D."  Investigation continues.

REQUEST NO. 5:

Documents by, to, from or between any person identified in response to Interrogatory No. 1 which pertains to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action.

RESPONSE TO REQUEST NO. 5:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to

Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," and plan Documents from Defendant produced via Dropbox as Exhibit "D." Investigation continues.

REQUEST NO. 6:

Documents pertaining to each item or category of damages described in your response to Interrogatory No. 5.

RESPONSE TO REQUEST NO. 6:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit 'C," plan Documents from Defendant produced via Dropbox as Exhibit "D," call logs produced via Dropbox as Exhibit "E," and phone bills produced via Dropbox as Exhibit "F." Investigation continues.

REQUEST NO. 7:

All documents you will offer or refer to as exhibits at trial.

RESPONSE TO REQUEST NO. 7:

Plaintiff objects to this request on the grounds that it: is premature; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, and seeks documentation equally available to and/or in the

possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit "D," call logs produced via Dropbox as Exhibit "E," and phone bills produced via Dropbox as Exhibit "F." Investigation continues.

REQUEST NO. 8:

Documents pertaining to any claim, loss or other legal proceeding ever brought by or against you, with the exception of the instant action.

RESPONSE TO REQUEST NO. 8:

Plaintiff objects to this request on the grounds that it: is not relevant or reasonably calculated to lead to the discovery of admissible evidence; is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; seeks confidential information; violates attorney-client privilege and the attorney work-product doctrine; is more prejudicial than probative; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure

REQUEST NO. 9:

Documents relating to any contact you have ever had with law enforcement, including but not limited to records of criminal proceedings or sentencings.

RESPONSE TO REQUEST NO. 9:

Plaintiff objects to this request on the grounds that it: is not relevant or reasonably calculated to lead to the discovery of admissible evidence; is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; seeks

confidential information; violates attorney-client privilege and the attorney work-product doctrine; is more prejudicial than probative; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure

REQUEST NO. 10:

Documents viewed or relied upon in the answers provided by you to the Interrogatories above.

RESPONSE TO REQUEST NO. 10:

Plaintiff objects to this request on the grounds that it: is premature; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous, violates the privacy rights of third parties, and fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit "D," call logs produced via Dropbox as Exhibit "E," and phone bills produced via Dropbox as Exhibit "F." Investigation continues.

REQUEST NO. 11:

Documents reflecting any statements, however recorded, made or acknowledged by any person who has, or claims to have knowledge concerning the factual allegations made by you in the Complaint.

RESPONSE TO REQUEST NO. 11:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and

attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third

parties, fails to describe with reasonable particularity each item or category of items requested

in violation of the Federal Rules of Civil Procedure, and seeks documentation equally available

to and/or in the possession of Defendant. Subject to and without waiving said objections,

Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails

from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced

via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit

"D," call logs produced via Dropbox as Exhibit "E," and phone bills produced via Dropbox as

Exhibit "F." Investigation continues.

REQUEST NO. 12:

Billing statements for your cell phone number that is the subject of the Complaint.

RESPONSE TO REQUEST NO. 12:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time

so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; fails to

describe with reasonable particularity each item or category of items requested in violation of

the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff

states:  See phone bills produced via Dropbox as Exhibit "F." Investigation continues

REQUEST NO. 13:

Documents sufficient to reflect each telephone number assigned to you, or for which

you were the primary user, customary user or subscriber during the relevant time period, and

the type of telephone to which each number was assigned (e.g., hardwired landline telephone,

cellular telephone, satellite telephone, Magic Jack-type device, etc.)

RESPONSE TO REQUEST NO. 13:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff states:  See phone bills produced via Dropbox as Exhibit "F." Investigation continues

REQUEST NO. 14:

All documents and logs that reflect all other telephones or electronic devices used by you to make or receive telephone calls, text-based messages, emails or to gain internet access during the relevant time period, the telephone numbers associated with those devices.

RESPONSE TO REQUEST NO. 14:

Plaintiff objects to this request on the grounds that it: is not relevant or reasonably calculated to lead to the discovery of admissible evidence; is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; and fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure

REQUEST NO. 15:

All documents that reflect your ownership and/or ownership interest in the telephone accounts for the telephone number(s) at which you claim to have received the telephone calls that are the subject of the Complaint, regardless whether you claim to have received such calls from or on behalf of HPIH, and the type of ownership interest you have in the identified accounts.

RESPONSE TO REQUEST NO. 15:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff states: See phone bills produced via Dropbox as Exhibit "F." Investigation continues

REQUEST NO. 16:

All documents that reflect payments of all telephone charges associated with the telephone account(s) for the telephone number(s) at which you claim to have received the telephone calls that are the subject of the Complaint, regardless whether you claim to have received such calls from or on behalf of HPIH, and the identity of the person(s) responsible for payment of those charges.

RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff states: See phone bills produced via Dropbox as Exhibit "F." Investigation continues

REQUEST NO. 17:

All documents reflecting your registration with all federal and state affiliated Do Not Call Lists or internal Do Not Call Lists, including but not limited to the telephone numbers registered and the dates of registration.

RESPONSE TO REQUEST NO. 17:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; is vague and ambiguous; fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure. Subject to and without waiving said objections, Plaintiff states: See Compliance Department Email produced via Dropbox as Exhibit "G." Investigation continues

REQUEST NO. 18:

All documents demonstrating that HPIH made any of the telephone calls that are the subject of the Complaint.

RESPONSE TO REQUEST NO. 18:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit "D," call logs produced via Dropbox as Exhibit "E," phone bills produced via Dropbox as Exhibit "F,"  and Compliance Department Email produced via Dropbox As Exhibit "G." Investigation continues.

REQUEST NO. 19:

Copies of all policies and applications identified in your response to Interrogatory No. 10.

RESPONSE TO REQUEST NO. 19:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  Documents from Defendant produced via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit "D." Investigation continues.

REQUEST NO. 20:

Digital records in a native format, including metadata, for all telephone calls which are included in the claims asserted in the Complaint.

RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections,

Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" and call logs produced via Dropbox as Exhibit "E." Investigation continues.

REQUEST NO. 21:

All documents identified in your Initial Disclosures that were due October 25, 2018.

RESPONSE TO REQUEST NO. 21:

Plaintiff objects to this request on the grounds that it: is over broad as to scope and time so as to be unduly burdensome, harassing, and oppressive; violates attorney-client privilege and attorney work-product doctrine; is vague and ambiguous; violates the privacy rights of third parties, fails to describe with reasonable particularity each item or category of items requested in violation of the Federal Rules of Civil Procedure, and seeks documentation equally available to and/or in the possession of Defendant. Subject to and without waiving said objections, Plaintiff states:  See call recordings produced to Defendant via Dropbox as Exhibit "A" Emails from Defendant produced via Dropbox as Exhibit "B," Documents from Defendant produced via Dropbox as Exhibit "C," plan Documents from Defendant produced via Dropbox as Exhibit "D," call logs produced via Dropbox as Exhibit "E," phone bills produced via Dropbox as Exhibit "F,"  and Compliance Department Email produced via Dropbox As Exhibit "G." Investigation continues.

Dated: April 5, 2019            Law Offices of Todd M. Friedman, P.C.


                                s/Kelsey Kuberka
                                Kelsey Kuberka, Esq.
                                Attorney for Plaintiff

### **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business Address is 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

On April 5, 2019, I served the following document(s) described as: **Plaintiff's Responses to Defendant's Request for Production**, on all interested parties in this action by placing:

[  ]    a true copy
[X]    the original thereof enclosed in sealed envelope(s) addressed as follows:

**Garry W. O'Donnell**
**Greenspoon Marder LLP**
**One Boca Place**
**2255 Glades Rd., Suite 400-E**
**Boca Raton FL 33431**
**garry.odonnell@gmlaw.com**

[  ]    BY FACSIMILE – The facsimile machine used complied with Rule 2003(3) and
         no error was reported by the machine.  Pursuant to Rule 2008(e)(4), caused the
         machine to print a record of the transmission.
[X]    BY EMAIL
[X ]   BY MAIL (1013 a, 2015.5 CCP)

[ X ]  I deposited such envelope in the mail at Woodland Hills, California.  The
         envelope was mailed with postage thereon fully prepaid.
[ ]     I am readily familiar with the firm's practice for collection and processing
         correspondence for mailing.  Under that practice, this document will be
         deposited with the U.S. Postal Service on this date with postage thereon
         fully prepaid at Woodland Hills, California in the ordinary course of business.
         I am aware that on motion of the party served, service is presumed invalid
         if postal cancellation date or postage meter date is more than one day after
         date of deposit for mailing in affidavit.

[X]    STATE – I declare under penalty of perjury under the laws of the State of
         California that the above is true and correct.

Executed on April 5, 2019, at Woodland Hills, California.

                              By: _____
                                        Erika Campany



| | Data... | Description |
|---|---|---|
| ♪ | Active | call_08-38-28_IN_2486768985 |



EXHIBIT 3
Deponent: CUNNINGHAM
Depo Date: 4/11/19
Reporter: Niki Noojin
Anthem Reporting, LLC

PL Production
Exhibit A

PL 000001

| | Data... | Description |
|---|---|---|
| ♪ | Active | call_09-11-25_IN_6077594737 |
| ♪ | Active | call_09-20-40_IN_4152876010 |
| ♪ | Active | call_10-40-40_IN_2012054033 |
| ♪ | Active | call_11-25-41_IN_2012045808 |
| ♪ | Active | call_15-14-19_OUT_4152876011 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_09-56-22_IN_9414621674 | 39,5... | 1 |
| ♪ | Active | call_10-17-44_IN_4238962036 | 39,5... | 1 |
| ♪ | Active | call_13-08-01_IN_4238962036 | 39,5... | 1 |
| ♪ | Active | call_13-37-49_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_14-04-28_OUT_4238962036 | 39,5... | 1 |

PL Production
Exhibit A - Recordings2

PL 000003

| | | Da... | Description | | D | V |
|---|---|---|---|---|---|---|
| ♪ | | Active | call_10-33-09_IN_4234433052 | | 39,5... | 1 |
| ♪ | | Active | call_10-33-42_OUT_4234433052 | | 39,5... | 1 |
| ♪ | | Active | call_11-11-24_OUT_4234433052 | | 39,5... | 1 |
| ♪ | | Active | call_11-15-11_OUT_4234433052 | | 39,5... | 1 |
| ♪ | | Active | call_15-47-22_OUT_4234433052 | | 39,5... | 1 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_09-11-25_IN_6077594737 | 39,5... | 1 |
| ♪ | Active | call_09-20-40_IN_4152876010 | 39,5... | 1 |
| ♪ | Active | call_10-40-40_IN_2012054033 | 39,5... | 1 |
| ♪ | Active | call_11-25-41_IN_2012045808 | 39,5... | 1 |
| ♪ | Active | call_15-14-19_OUT_4152876011 | 39,5... | 1 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_09-32-17_IN_5029968515 | 39,5... | 1 |
| ♪ | Active | call_09-38-36_IN_8669408903 | 39,5... | 1 |
| ♪ | Active | call_12-08-40_OUT_8669408903 | 39,5... | 1 |
| ♪ | Active | call_15-15-24_IN_8669408903 | 39,5... | 1 |
| ♪ | Active | call_16-55-11_IN_8669408903 | 39,5... | 1 |

| | | Da... | Description | D | V |
|---|---|---|---|---|---|
| 🎵 | | Active | call_09-38-25_IN_4234433052 | 39,5... | 1 |
| 🎵 | | Active | call_13-59-26_IN_8669408903 | 39,5... | 1 |
| 🎵 | | Active | call_14-13-22_IN_5029968515 | 39,5... | 1 |
| 🎵 | | Active | call_14-43-52_OUT_4234433052 | 39,5... | 1 |
| 🎵 | | Active | call_18-55-12_OUT_4234433052 | 39,5... | 1 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_09-15-06_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_10-35-45_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_11-09-15_IN_4238962036 | 39,5... | 1 |
| ♪ | Active | call_14-00-56_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_14-52-54_OUT_4238962036 | 39,5... | 1 |

| | | Da... | Description | D | V |
|---|---|---|---|---|---|
| | | Active | call_09-15-06_OUT_4238962036 | 39,5... | 1 |
| | | Active | call_10-35-45_OUT_4238962036 | 39,5... | 1 |
| | | Active | call_11-09-15_IN_4238962036 | 39,5... | 1 |
| | | Active | call_14-00-56_OUT_4238962036 | 39,5... | 1 |
| | | Active | call_14-52-54_OUT_4238962036 | 39,5... | 1 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_09-52-42_IN_4238962036 | 39,5... | 1 |
| ♪ | Active | call_10-41-49_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_11-00-47_OUT_4238962036 | 39,5... | 1 |
| ♪ | Active | call_12-30-31_IN_4238962036 | 39,5... | 1 |
| ♪ | Active | call_17-59-16_OUT_4238962036 | 39,5... | 1 |

| | Da... | Description | D | V |
|---|---|---|---|---|
| ♪ | Active | call_10-34-51_IN_4072917549 | 39,5... | 1 |
| ♪ | Active | call_11-44-25_IN_2012412470 | 39,5... | 1 |
| ♪ | Active | call_12-39-45_IN_2039022137 | 39,5... | 1 |
| ♪ | Active | call_13-43-57_OUT_3346195367 | 39,5... | 1 |
| ♪ | Active | call_13-56-39_OUT_4232051497 | 39,5... | 1 |

 Gmail

Craig C <bigcraig79@gmail.com>

**Craig Cunningham - Your Application for Premier STM**
1 message

**support@hiiquote.com** <support@hiiquote.com>                              Fri, Sep 2, 2016 at 11:24 AM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: info@americanhealthhub.com

 HEALTH
INSURANCE
INNOVATIONS



## Dear Craig Cunningham,

Thank you for applying for Short-Term Medical coverage, underwritten by Unified Life Insurance through Health Insurance Innovations.

Your plans will begin on the effective dates listed below. If you applied for more than one plan, like a supplemental plan, or purchased another benefit or service, please note that it will be billed

**PL Production**
**Exhibit B**                                                  **PL 000012**



EXHIBIT H
Deponent: CUNNINGHAM
Depo Date: 4/11/17
Reporter: Niki Noojin
Anthem Reporting, LLC

separately. If your STM plan terminates or you cancel it, any other plans, benefits or services you have will remain effective unless you tell us you'd like to cancel.



**Premier STM** with an effective date of **09/02/2016**. Monthly Cost: **$206.59**

**Freedom Platinum** with an effective date of **09/01/2016**. Amount paid: **$50.00**



All of the details about your coverage are available for you online at **HIIQuoteCustomers.com**.

Please read the details carefully. We've created a user ID and password for you, so you can:
- Log in immediately
- View and download the details about your coverage
- Print duplicate ID cards if you need them

You will also receive a welcome letter in 7–10 business days that includes your ID card.

## User ID:600090630
## Password:5r85TFIQ

For Your Security, please Update your password after logging in.



We know things can get complicated when it comes to insurance. That's why we're committed to helping you understand your plan and how to use it.

Short-Term Medical plans are designed to cover unforeseen accidents and illnesses. So, if you're in an accident or get unexpectedly sick, you can rely on your plan to help you with medical expenses.

It's important to know what's not covered as well, so you can avoid any surprises. STM plans do not provide benefits for:

- Pre-existing conditions
- Routine physical exams
- Dental and eye care
- Prescriptions (unless prescribed during a covered hospitalization)

We want your plan to work for you. That's why it's also important to know that Short-Term Medical insurance is not considered "minimal essential coverage" under the Affordable Care Act (commonly referred to as ObamaCare) and that you may be subject to a tax penalty.

 **Benefits & Claims Services**

Allied National - GlobalCare
**1.844.228.3220**

 **Billing & Customer Service**

Health Insurance Innovations
**1.877.376.5831**
Monday - Friday 8:30am to 7:00pm EST
HIIQuoteCustomers.com

 **10 - Day Free Look**
**Your Satisfaction Is Important**

We want you to be happy with your coverage. If you find that you've purchased your STM plan in error or it's just not the right plan for you, you can cancel your plan, as long as no claims have been filed, within 10 days of your effective date and you'll get all your money back-guaranteed.



**www.hiiquote.com**
**877-376-5831**

PL Production
Exhibit B

**PL 000014**

 Gmail

Craig C <bigcraig79@gmail.com>

**HIIQUOTE - Payment Status**
10 messages

**support@hiiquote.com** <support@hiiquote.com>
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: info@americanhealthhub.com

Fri, Sep 2, 2016 at 2:16 PM

 HEALTH®
INSURANCE
INNOVATIONS

Dear Craig Cunningham    600090630,

Please be advised that your account has been refunded in the amount captioned below and you no longer have Insurance Coverage.

***************PLEASE DO NOT REPLY TO THIS EMAIL***************

A payment has been refunded to your account on 09-02-2016 03:16:30 PM. Please read below for details.

Card Number: ************2360
Card Type: VISA
Exp. Date: 11-2018
Amount: 331.59

- The credit on your account will appear as HII.Insure877-376-5831.
- Please allow 7 to 10 days for the refund to appear in your account.

If you have any questions with regards to this refund or it was made in error, please immediately call 1-877-376-5831.

Sincerely,

PL Production
Exhibit B

**PL 000015**

Member Services
Health Insurance Innovations.

support@hiiquote.com <support@hiiquote.com>                                    Fri, Sep 2, 2016 at 2:16 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: support@hiiquote.com, info@americanhealthhub.com



Dear Craig Cunningham    600090630, Please be advised that the application you submitted for Premier
STM on 08-30-2016 is void and invalid because:
POLICY TERMINATION EFFECTIVE DATE 09-02-2016
REFUNDED COMPLETED FOR $331.59

If you still want this valuable insurance coverage, please call your agent listed below or our customer
service at 1-877-376-5831 or email us at support@hiiquote.com.

CC: support@hiiquote.com,info@americanhealthhub.com
- HIIQUOTE

support@hiiquote.com <support@hiiquote.com>                                    Fri, Sep 2, 2016 at 2:16 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: support@hiiquote.com, refund@hiiquote.com, info@americanhealthhub.com



Dear Craig Cunningham    600090630, Please be advised that the application you submitted for Premier
STM on 08-30-2016 is void and invalid because:

PL Production
Exhibit B                                                                        PL 000016
https://mail.google.com/mail/u/0/?ui=2&ik=707015ab5c&jsver=Ajsy8f-ZiDI.en.&view=pt&q=hiiquote.com&qs=true&search=query&th=1584843460 2de253&siml=156ec54cebdc809f&siml=156ec55162a4e...  2/7

POLICY TERMINATION EFFECTIVE DATE 09-02-2016
REFUNDED COMPLETED FOR $331.59

If you still want this valuable insurance coverage, please call your agent listed below or our customer service at 1-877-376-5831 or email us at support@hiiquote.com.

CC: support@hiiquote.com,refund@hiiquote.com,info@americanhealthhub.com
- HIIQUOTE

**support@hiiquote.com** <support@hiiquote.com>                                                                    Fri, Sep 2, 2016 at 2:18 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: support@hiiquote.com, info@americanhealthhub.com



Dear Craig Cunningham    INA16818400, Please be advised that the application you submitted for Freedom Platinum on 08-30-2016 is void and invalid because:
POLICY TERMINATION EFFECTIVE DATE 09-01-2016
REFUNDED COMPLETED FOR $50.00

If you still want this valuable insurance coverage, please call your agent listed below or our customer service at 1-877-376-5831 or email us at support@hiiquote.com.

CC: support@hiiquote.com,info@americanhealthhub.com
- HIIQUOTE

**support@hiiquote.com** <support@hiiquote.com>                                                                    Fri, Sep 2, 2016 at 2:18 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: info@americanhealthhub.com



Dear Craig Cunningham    INA16818400,

Please be advised that your account has been refunded in the amount captioned below and you no longer have Insurance Coverage.

***************PLEASE DO NOT REPLY TO THIS EMAIL***************

A payment has been refunded to your account on 09-02-2016 03:18:58 PM. Please read below for details.

Card Number: ************2360
Card Type: VISA
Exp. Date: 11-2018
Amount: 50.00

- The credit on your account will appear as HII.Insure877-376-5831.
- Please allow 7 to 10 days for the refund to appear in your account.

If you have any questions with regards to this refund or it was made in error, please immediately call 1-877-376-5831.

Sincerely,
Member Services
Health Insurance Innovations.

**support@hiiquote.com** <support@hiiquote.com>                                                                        Fri, Sep 2, 2016 at 2:19 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: support@hiiquote.com, refund@hiiquote.com, info@americanhealthhub.com



HEALTH*
INSURANCE
INNOVATIONS

Dear Craig Cunningham    INA16818400, Please be advised that the application you submitted for Freedom Platinum on 08-30-2016 is void and invalid because:
POLICY TERMINATION EFFECTIVE DATE 09-01-2016
REFUNDED COMPLETED FOR $50.00

If you still want this valuable insurance coverage, please call your agent listed below or our customer service at 1-877-376-5831 or email us at support@hiiquote.com.

CC: support@hiiquote.com,refund@hiiquote.com,info@americanhealthhub.com
- HIIQUOTE

**support@hiiquote.com** <support@hiiquote.com>            Fri, Sep 2, 2016 at 2:22 PM
Reply-To: support@hiiquote.com
To: bigcraig79@gmail.com
Cc: support@hiiquote.com, agent@nhainsure.com



HEALTH*
INSURANCE
INNOVATIONS

Dear Craig Cunningham    510048759, Please be advised that the application you submitted for USA+ Dental on 08-24-2016 is void and invalid because:
POLICY TERMINATION EFFECTIVE DATE 08-25-2016
REFUNDED COMPLETED FOR $69.00

If you still want this valuable insurance coverage, please call your agent listed below or our customer service at 1-877-376-5831 or email us at support@hiiquote.com.

CC: support@hiiquote.com,agent@nhainsure.com
- HIIQUOTE